**Galina SINENKO, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**Docket No. 02–4698–AG.**

United States Court of Appeals,
Second Circuit.

Sept. 21, 2005.

Irina Kogan, Brooklyn, N.Y., for Petitioner.

Peter G. O'Malley, Assistant United States Attorney, for Christopher J. Christie, United States Attorney for the District of New Jersey, Newark, N.J., for Respondent.

Present: NEWMAN, CALABRESI, and STRAUB, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Galina Sinenko, a native and citizen of the Ukraine, petitions for review of an October 9, 2002, Board of Immigration Appeals ("BIA") decision affirming the January 13, 2000, decision of an Immigration Judge ("IJ"). The IJ had rejected Petitioner's application for asylum and for withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3). We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Sinenko's testimony at her hearing before the IJ—including descriptions of trau-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales has been substituted for former Attorney General John Ashcroft as the respondent in this case.

matic life events such as the death of her daughter and an attempted rape—turned on being identified and persecuted as Jewish. Her I–589 application as submitted in 1993, by contrast, never mentioned Petitioner's Jewish religion or ethnicity or any persecution based on this identity, let alone the tragic events to which she later testified. Instead, the application described experiences of persecution as "the wife of a Jew," a basis for asylum that Sinenko failed to discuss in her testimony or subsequent affidavit. In finding that Sinenko was not credible, the IJ reasonably relied on this significant shift from claiming asylum based on her husband's identity to claiming asylum based on her own religious or ethnic identity. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 182 (2d Cir.2004) (holding that inconsistencies between an application and testimony can serve as the basis for adverse credibility findings where the testimonial change goes to the "heart" of a petitioner's claim). While Petitioner need not have enumerated every detail of her experiences in her written application, thereby giving a *complete* picture of events, the IJ reasonably found Sinenko not credible because her testimony offered a version of events that gave a *different* picture. *See id.*

The IJ in Petitioner's case also sought "proof" that Sinenko was Jewish, including a request for expert testimony on the issue. In addition, he pursued lines of inquiry that strayed from the relevant issue of whether Sinenko had been persecuted on the basis of her perceived identity. Despite the irrelevance and possible impropriety of some of these inquiries, the IJ's ultimate finding of lack of credibility was supported by "reasonable, substantial and probative evidence in the record" and well-grounded in the significant inconsistencies between Sinenko's application and her testimony. *See Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005); *see also Montero v. I.N.S.*, 124 F.3d 381, 386 (2d Cir.1997) (we

afford "particular deference" to the credibility determinations of an IJ). Furthermore, the BIA did not err in declining to remand Petitioner's case to the IJ for consideration of the Steiner affidavit, as Petitioner did not move to reopen or remand her case, and in any event the affidavit could have been produced at the initial hearing. *See generally,* 8 C.F.R. § 1003.1(d)(3)(iv); *Zhao v. U.S. Dept. of Justice,* 265 F.3d 83, 92–93 (2d Cir.2001); 8 C.F.R. § 1003.23(b)(1).

Having considered all of Petitioner's arguments and having found them to be without merit, the petition for review is **DENIED.**